IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF C.F. BEAN L.L.C., AS OWNER PRO HAC VICE AND OPERATOR, AND BEAN MERIDIAN L.C.C., AS THE RECORD OWNER, OF THE BARGE BEAN 20, OFFICIAL NO. 627225, PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § | CIVIL NO.: 1:13cv77-HSO-RHW |

CONSOLIDATED WITH

| | | |
|---|---|---|
| JERRIE P. BARHANOVICH, EXECUTRIX AND PERSONAL REPRESENTATIVE OF THE ESTATE OF MARK BARHANOVICH, DECEASED | § § § § § § | PLAINTIFF |
| v. | § § | CIVIL NO. 1:13cv84-LG-JMR |
| C.F. BEAN LLC AND ARCHER WESTERN CONTRACTORS, LLC | § § § | DEFENDANTS/ THIRD PARTY PLAINTIFFS |
| v. | § § | |
| BOB'S MACHINE SHOP, INC., SUZUKI MOTOR CORP., SUZUKI MOTOR OF AMERICA, INC. | § § § | THIRD PARTY DEFENDANTS |

**ORDER GRANTING C.F. BEAN LLC, BEAN MERIDIAN, LLC, AND ARCHER WESTERN CONTRACTORS, LLC'S [124] MOTION FOR LEAVE TO FILE SECOND SUPPLEMENTAL AND AMENDED THIRD PARTY COMPLAINT, GRANTING IN PART AND DENYING IN PART RSM INTERNATIONAL, INC.'S [113] MOTION TO QUASH SERVICE OF PROCESS AND TO DISMISS BOB'S MACHINE SHOP, INC. FROM THIS CIVIL ACTION, DENYING AS MOOT RSM INTERNATIONAL, INC. AND BMS INTERNATIONAL, INC.'S [84] MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT, AND DENYING AS MOOT SUZUKI MOTOR CORPORATION AND SUZUKI MOTOR OF AMERICA INC.'S [107] MOTION TO DISMISS**

1

Before the Court are the Motion to Dismiss and Motion for More Definite Statement [84] filed by RSM International, Inc., and BMS International, Inc., d/b/a Bob's Machine Shop, Inc., the Motion to Dismiss [107] filed by Third-Party Defendants Suzuki Motor Corporation and Suzuki Motor of America Inc., and RSM International, Inc.'s Motion to Quash Service of Process and to Dismiss Bob's Machine Shop, Inc. From This Civil Action [113]. Also before the Court is the Motion for Leave to File Second Supplemental and Amended Third-Party Complaint [124] filed by Complainants in Limitation/Defendants C.F. Bean LLC and Bean Meridian, LLC, and Limitation Claimant/Defendant Archer Western Contractors, LLC. Having considered the Motions, the parties' submissions, the record, and relevant legal authorities, the Court finds that the Motion for Leave to File Second Supplemental and Amended Third-Party Complaint [124] should be granted, the Motion to Quash Service of Process and to Dismiss Bob's Machine Shop, Inc. From This Civil Action [113] should be granted in part and denied in part, and that the Motions to Dismiss [84] [107] should be denied as moot without prejudice to being reasserted at a later date.

## I. FACTS AND PROCEDURAL HISTORY

This lawsuit stems from a fatal accident which occurred on September 16, 2012, involving a recreational water vessel operated by Mark Barhanovich. The underlying Complaint for Exoneration was filed by Complainants-in-Limitation C.F. Bean LLC and Bean Meridian, LLC (collectively, "Bean"), on March 15, 2013, and alleges that C.F. Bean LLC was the "owner *pro hac vice* and operator of the

Barge Bean 20[,]" and that Bean Meridian, LLC, was the record owner of the Barge Bean 20. Compl. for Exoneration from or Limitation of Liability 1-2 [1]. Bean asserts that Plaintiff Jerrie P. Barhanovich, as Executrix of the Estate of Mark Barnovich ("Plaintiff"), "contend[s] that a discharge line from the Bean 20 caused or contributed to the" accident. *Id*.

On February 3, 2014, Bean, joined by Limitation Claimant Archer Western Contractors, LLC ("Archer Western"),[1] filed a Third Party Complaint [51-2] asserting negligence claims against Suzuki Motor Corporation ("SMC") and Suzuki Motor of America, Inc. ("SMAI"), the entities which designed, manufactured, and sold the outboard motor allegedly attached to Barhanovich's vessel. Third Party Compl. 1-3 [51-2]. Bean and Archer Western also assert negligence claims against Bob's Machine Shop, Inc., the entity which designed, manufactured, marketed, sold, or distributed a jack plate allegedly attached to the outboard motor at the time of the accident. *Id*.

On July 3, 2014, RSM International, Inc. ("RSM") and BMS International, Inc. ("BMS") d/b/a Bob's Machine Shop, Inc., moved to dismiss the Third Party Complaint on grounds that "Bob's Machine Shop, Inc." was an unregistered trade name and was "not a separate and distinct legal entity and not a proper party in this matter." Third Party Defs.' Mot. to Dismiss and Mot. for More Definite Statement 1-2 [84]. Bean and Archer Western were granted leave to file a First

---

[1] Archer Western claims to have contracted with the Mississippi State Port Authority to perform services related to the Port of Gulfport Restoration Program. Claim 1 [11]. Archer Western further contends that it contracted with C.F. Bean LLC to have the latter conduct dredging related to the Port of Gulfport Restoration Program, and that, pursuant to that contract, Archer Western is entitled to indemnity from CF Bean LLC as to any claims asserted by Plaintiff against Archer Western. *Id*. at 1-2.

Supplemental and Amended Third Party Complaint [103] and did so on July 17, 2014. The First Supplemental and Amended Third Party Complaint purports to substitute "'RSM International, Inc., as successor-in-interest to BMS International, Inc., as successor-in-interest to Bob's Machine Shop, Inc.' in place of 'Bob's Machine Shop, Inc.' . . . ." First Am. and Supplemental Third Party Compl. 2 [103].

On July 21, 2014, SMC and SMAI filed a separate Motion to Dismiss [107], asserting that Bean and Archer Western did not plead sufficient facts indicating that the Court had personal jurisdiction over SMC, and that Bean and Archer Western failed to state a plausible claim against either SMC or SMAI. Mot. to Dismiss 3-4 [107]. Bean and Archer Western then filed the present Motion for Leave to File Second Supplemental and Amended Third Party Complaint [41] "to address the legal arguments and claimed insufficiencies of its Third Party Complaint and First Supplemental and Amended Third Party Complaint." Mot. for Leave to File Second Supplemental and Amended Third Party Compl. 2 [124]. Bean and Archer Western attach their proposed pleading [124-1] as an exhibit.

On August 12, 2014, RSM filed a Motion to Quash Service of Process and to Dismiss Bob's Machine Shop, Inc. from this Civil Action [113]. RSM argues that Bean and Archer Western attempted but were unable to properly serve RSM with process and that Bob's Machine Shop, Inc., should be dismissed as a Defendant. Mot. to Quash Service of Process and to Dismiss Bob's Machine Shop, Inc. 1-3 [113]. Bean and Archer Western were subsequently able to effect proper service upon RSM [135], and Bean and Archer Western did not respond to RSM's request to have Bob's

Machine Shop, Inc., dismissed.  Proof of Service [135]; Mem. in Opp'n to Mot. to Quash Service of Process and to Dismiss Bob's Machine Shop, Inc. 1-4 [129].

## II.  DISCUSSION

A. <u>Plaintiff's Motion for Leave to File Second Supplemental and Amended Complaint [124]</u>

Federal Rule of Civil Procedure 15(a) provides that "[t]he Court should freely give leave [to amend a pleading] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The United States Court of Appeals for the Fifth Circuit has articulated five considerations in determining whether to grant a party leave to amend a complaint: 1) undue delay; 2) bad faith or dilatory motive; 3) repeated failure to cure deficiencies by previous amendments; 4) undue prejudice to the opposing party; and 5) futility of the amendment.  *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)).

SMC and SMAI argue [139] that Bean and Archer Western's request [124] to amend the Third Party Complaint is not supported by good cause under Rule 16, such that the Court should not evaluate Bean and Archer Western's request under Rule 15.  The Court finds that good cause exists.  *See S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003) (noting courts should consider the explanation for and importance of the amendment along with the potential for prejudice and ability to cure that prejudice) (citations and internal marks omitted).  Bean and Archer Western seek to enhance the Third Party Complaint's existing allegations related to the Mississippi Products Liability Act, Mississippi Code § 11-1-63(a)-(h), which SMC and SMAI contend serves as the

5

foundation for Bean and Archer Western's claims against them, and any prejudice to SMC and SMAI is minimal.

Although Bean and Archer Western have previously filed a First Supplemental and Amended Third Party Complaint [51-2], that prior amendment was unopposed and made solely for the purpose of substituting the name of the correct defendant in place of "Bob's Machine Shop, Inc." as a current Defendant. Unopposed Mot. for Leave to File First Am. and Supplemental Third Party Compl. 1-2 [100]. Bean and Archer Western's current Motion [124] seeking leave to file an amended complaint represents the first effort to address the legal arguments and "claimed insufficiencies" raised by RSM, BMS, SMC, and SMAI. The Court finds that granting Bean and Archer Western's Motion [124] will not result in any significant delay. Nor is the request to amend otherwise inconsistent with the other considerations under Rule 15. *See Smith*, 393 F.3d at 595. Bean and Archer Western's Motion for leave to file a Second Supplemental and Amended Complaint should be granted.

B.      Remaining Pending Motions [84] [107] [113]

In view of the Court permitting Bean and Archer Western to file a Second Supplemental and Amended Complaint, RSM and BMS's Motion to Dismiss and Motion for More Definite Statement [84], and SMC and SMAI's Motion to Dismiss [107] are now rendered moot, and will each be denied without prejudice to the right to reassert these Motions at a later date, if appropriate. In addition, RSM and BMS's Motion to Quash Service of Process and to Dismiss Bob's Machine Shop [113]

will be granted in part and denied in part such that Bob's Machine Shop, Inc., will be dismissed as a party to this case. The remainder of the Motion [113] will be denied.

### III.  CONCLUSION

Based on the foregoing, Bean and Archer Western's Motion for Leave to File Second Supplemental and Amended Complaint [124] should be granted, and the Second Supplemental and Amended Complaint shall be filed within five (5) calendar days of entry of this Order. RSM and BMS's Motion to Dismiss and Motion for More Definite Statement [84], and SMC and SMAI's Motion to Dismiss [107] should be denied without prejudice as moot. RSM's Motion to Quash Service of Process and to Dismiss Bob's Machine Shop [113] should be denied in part and granted in part, as Bob's Machine Shop, Inc., will be dismissed as a Defendant.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Bean and Archer Western's Motion for Leave to File Second Supplemental and Amended Complaint [124] is **GRANTED**. Bean and Archer Western shall file their Second Supplemental and Amended Complaint within five (5) calendar days of entry of this Order.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant RSM and BMS's Motion to Dismiss and Motion for More Definite Statement [84] is **DENIED AS MOOT**, without prejudice to RSM and BMS's right to reassert their arguments at a later date, if warranted.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant SMC and SMAI's Motion to Dismiss [107] is **DENIED AS MOOT**, without prejudice to SMC and SMAI's right to reassert their arguments at a later date, if warranted.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant RSM's Motion to Quash Service of Process and to Dismiss Bob's Machine Shop, Inc. [113] is **DENIED IN PART** and **GRANTED IN PART**.  To the extent RSM seeks dismissal of Bob's Machine Shop, Inc., the Motion [113] is granted and Bean and Archer Western's claims against Bob's Machine Shop, Inc., are **DISMISSED WITH PREJUDICE**.  RSM's Motion [113] is denied in all other respects.

**SO ORDERED** this the 6th day of October, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE