IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF C.F. BEAN L.L.C., AS OWNER PRO HAC VICE AND OPERATOR, AND BEAN MERIDIAN L.C.C., AS THE RECORD OWNER, OF THE BARGE BEAN 20, OFFICIAL NO. 627225, PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § | CIVIL NO.: 1:13cv77-HSO-RHW |

CONSOLIDATED WITH

| | | |
|---|---|---|
| JERRIE P. BARHANOVICH, EXECUTRIX AND PERSONAL REPRESENTATIVE OF THE ESTATE OF MARK BARHANOVICH, DECEASED | § § § § § § | PLAINTIFF |
| v. | § § | CIVIL NO. 1:13cv84-LG-JMR |
| C.F. BEAN LLC AND ARCHER WESTERN CONTRACTORS, LLC | § § § | DEFENDANTS/ THIRD PARTY PLAINTIFFS |
| v. | § § | |
| BOB'S MACHINE SHOP, INC., SUZUKI MOTOR CORP., SUZUKI MOTOR OF AMERICA, INC. | § § § | THIRD PARTY DEFENDANTS |

**ORDER DENYING SUZUKI MOTOR CORPORATION AND SUZUKI MOTOR OF AMERICA, INC.'S [169] MOTION FOR RECONSIDERATION OR CLARIFICATION OF ORDER DENYING MOTION TO DISMISS**

BEFORE THE COURT is the Motion For Reconsideration or Clarification of Order Denying Motion to Dismiss [169] filed by Third-Party Defendants Suzuki Motor Corporation ("SMC") and Suzuki Motor of America, Inc. ("SMAI"). SMC and SMAI's Motion [169] is predicated upon the notion that the Third Party Complaint

1

[69] filed on May 1, 2014, by C.F. Bean LLC and Bean Meridian, LLC (collectively, "Bean"), and Archer Western Contractors, LLC ("Archer Western"), remains the operative complaint in this case, despite Bean and Archer Western having filed a Second Supplemental and Amended Third Party Complaint[1] [163] on October 10, 2014.  Having considered the Motion, the record, and relevant legal authorities, the Court finds that SMC and SMAI's present Motion [169] should be denied.

"An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."  *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985)).  In their First Amended and Supplemental Third Party Complaint [103] filed on July 17, 2014, Bean and Archer Western specifically adopted and incorporated by reference the earlier Third Party Complaint [69].  *See* First Am. and Supplemental Third Party Compl. 2 [103] ("Bean and Archer incorporate and adopts [*sic*] by reference all other paragraphs and allegations as set forth in the original Third Party Complaint . . . .").  Regardless of how artfully Bean and Archer Western may have attempted to draft the Second Supplemental and Amended Third Party Complaint [163] filed on October 10, 2014, Bean and Archer Western did not specifically "adopt or incorporate by reference" the original Third Party Complaint into their current pleadings.  Consequently, the original Third Party

---

[1] Bean and Archer Western filed a First Amended and Supplemental Third Party Complaint [103] on July 17, 2014.

Complaint [69] was superseded when the Second Supplemental and Amended Third Party Complaint [163] was filed on October 10, 2014.

To the extent SMC requests a determination as to the sufficiency of process and of service of process of the earlier Third Party Complaint [69], which has now been rendered "of no legal effect," such a determination amounts to an advisory opinion which the Court declines to issue. As the Court stated in its Order [156] denying as moot SMC and SMAI's prior Motion to Dismiss [107], SMC and SMAI may reassert their arguments for dismissal, if necessary, once served with the Second Supplemental and Amended Third Party Complaint [163]. Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion For Reconsideration or Clarification of Order Denying Motion to Dismiss [169] filed by SMC and SMAI is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 31st day of October, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE