IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF C.F. BEAN L.L.C., AS OWNER PRO HAC VICE AND OPERATOR, AND BEAN MERIDIAN L.C.C., AS THE RECORD OWNER, OF THE BARGE BEAN 20, OFFICIAL NO. 627225, PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § | CIVIL NO.: 1:13cv77-HSO-RHW |

CONSOLIDATED WITH

| | | |
|---|---|---|
| JERRIE P. BARHANOVICH, EXECUTRIX AND PERSONAL REPRESENTATIVE OF THE ESTATE OF MARK BARHANOVICH, DECEASED | § § § § § § | PLAINTIFF |
| v. | § § | CIVIL NO. 1:13cv84-LG-JMR |
| C.F. BEAN LLC AND ARCHER WESTERN CONTRACTORS, LLC | § § § | DEFENDANTS/ THIRD PARTY PLAINTIFFS |
| v. | § § | |
| BOB'S MACHINE SHOP, INC., SUZUKI MOTOR CORP., SUZUKI MOTOR OF AMERICA, INC. | § § § | THIRD PARTY DEFENDANTS |

**ORDER GRANTING SUZUKI MOTOR OF AMERICA, INC.'S [187]
MOTION TO DISMISS OR IN THE ALTERNATIVE
MOTION FOR SUMMARY JUDGMENT**

BEFORE THE COURT is the Motion to Dismiss or in the Alternative Motion for Summary Judgment [187] filed by Third-Party Defendant Suzuki Motor of America, Inc. ("SMAI"). Third Party Plaintiffs C.F. Bean LLC and Bean Meridian, LLC (collectively, "Bean"), have filed a Response [208]. SMAI has filed a Rebuttal

1

[209]. Having considered the parties' submissions, the record, and relevant legal authorities, the Court finds that SMAI's Motion [187] should be granted and the claims asserted by Bean and Archer Western Contractors, LLC ("Archer Western"), against SMAI should be dismissed with prejudice.

## I. BACKGROUND

On September 16, 2012, Mark Barhanovich suffered fatal injuries as the result of a boating accident ("the Accident"). Second Supplemental and Am. Third Party Compl. 4 [163]. Jerrie P. Barhanovich, individually and as executrix and personal representative of the Estate of Mark Barhanovich ("the Estate of Barhanovich"), filed suit in this Court against Archer Western and Bean, the entities alleged to have negligently created an obstruction which caused the Accident. *See* First Am. Claim and Compl. 3-10 [57]. Archer Western and Bean filed a Third Party Complaint naming SMAI, Suzuki Motor Corporation ("SMC"), and RSM International, Inc. ("RSM"), as Defendants based on the theory that SMAI and SMC designed, manufactured, sold, or distributed the outboard motor involved in the Accident and that RSM's predecessor in interest designed, manufactured, sold, or distributed a device which was used to modify the operation of that outboard motor. Second Supplemental and Am. Third Party Compl. 4 [163].

SMAI now seeks dismissal of the claims asserted against it by Bean and Archer Western, claiming that the Second Amended Third Party Complaint[1] [163] "fails against SMAI because SMAI did not exist in advance of" the Accident. Mem.

---

[1] Bean and Archer Western filed a First Amended and Supplemental Third Party Complaint [103] on July 17, 2014.

in Supp. of Mot. to Dismiss or in the Alt. Mot. for Summ. J. 9-10 [188].  SMAI also asserts that in March 2013 it acquired "certain assets of [American Suzuki Motor Corporation ("ASMC")] pursuant to [ASMC's Chapter 11] bankruptcy liquidation plan."  *Id*. at 11.  According to SMAI, the Fifth Amended Plan of Liquidation Under Chapter 11 (the "Fifth Amended Plan") "specifically states that by acquiring those assets SMAI assumed no liability for the type claims" Bean and Archer Western now seek to maintain against SMAI.  *Id*.  The United States Bankruptcy Court for the Central District of California subsequently issued an Order stating that "SMAI is not and 'shall not' be liable for any liens or claims based on successor liability[,]" and SMAI contends that this Order "specifically enjoins any person from" asserting a claim based on successor liability.  *Id*. at 12.

      Bean and Archer Western respond that SMAI's Motion to Dismiss relies upon "extraneous documents" which cannot be considered by the Court when deciding a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Mem. in Opp'n to Mot. to Dismiss or in the Alt. Mot. for Summ. J. 1-4 [208].  To the extent the Court construes SMAI's Motion [187] as one for summary judgment pursuant to Rule 56, Bean and Archer Western merely state "the facts and circumstances surrounding the bankruptcy proceeding cited by SMAI require, at the very least, some basic discovery . . . ."  *Id*. at 4.

II. DISCUSSION

A.    Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the "[C]ourt accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Specifically, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"[T]he mere presence of additional issues in the record" does not require the Court to treat a motion to dismiss pursuant to Rule 12(b)(6) as one for summary judgment. *Britton v. Seale*, 81 F.3d 602, 605 n.1 (5th Cir. 1996) (citation omitted). The Court may consider matters of public record in resolving a motion to dismiss. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating that courts may consider "matters of which a court may take judicial notice" when reviewing a motion to dismiss pursuant to Rule 12(b)(6)) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). In addition, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are

4

referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citation omitted).

B.  Analysis

Bean and Archer Western's primary contention, that SMAI has relied upon "extraneous" documents, is not persuasive. The Fifth Circuit Court of Appeals has recently reaffirmed that district courts may consider public documents obtained from bankruptcy proceedings when evaluating a motion to dismiss pursuant to Rule 12(b)(6). *Van Duzer v. U.S. Bank Nat. Ass'n*, 582 F. App'x 279, 283-84 (5th Cir. 2014) (per curiam) (affirming judgment on the pleadings and finding no merit in argument that district court improperly considered documents outside the pleadings when it considered "public documents from [the plaintiffs'] bankruptcy proceeding" because the Fifth Circuit has "already approved the consideration of . . . publicly available documents at the Rule 12 stage") (citing *Funk*, 631 F.3d at 783); *see also Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.") (citation omitted).[2]

The documents SMAI relies upon in seeking dismissal are public documents within the contemplation of both *Van Duzer* and *Funk*. SMAI first references a public record made readily available by the California Secretary of State, and these

---

[2] The thrust of Bean and Archer Western's opposition focuses on the use of records from ASMC's bankruptcy proceeding. Bean and Archer Western do not appear to contend that records from the California Secretary of State's office are not public records. Such a contention, if made, would be equally unavailing. *See, e.g.*, *Crowell v. Looper Law Enforcement, LLC*, No. 3:10-CV-2506-D, 2011 WL 830543, at *4 (N.D. Tex. Mar. 10, 2011) ("Reports from the Secretary of State are one type of public record that can be considered when deciding such a [Rule 12(b)] motion.") (citing *TXCAT v. Phx. Grp. Metals, LLC*, 2010 WL 5186824, at *2 n.2 (S.D. Tex. Dec. 14, 2010)).

public records make clear that SMAI is a California corporation which was formed on October 31, 2012, which was after the Accident.  *See* California Secretary of State Alex Padilla, Business Entity Detail, http://kepler.sos.ca.gov/ (last visited Jan. 30, 2015) *and* California Secretary of State Alex Padilla, Business Search - Field Descriptions and Status Definitions, http://www.sos.ca.gov/business-programs/business-entities/cbs-field-status-definitions/ (last visited Jan. 30, 2015). SMAI did not exist on September 16, 2012, the date of the Accident.

SMAI also cites public documents from ASMC's Chapter 11 bankruptcy proceeding which reveal that SMAI did not assume liability for the claims Bean and Archer Western now assert.  *See* Order Confirming Debtor's Fifth Am. Plan of Liquidation Under Chapter 11 of the Bankr. Code 5, [Case No. 8:12-bk-22808-SC, Doc. 1288].  Specifically, the Bankruptcy Court confirmed provisions in the asset purchase agreement between ASMC and SMAI which provide that SMAI "shall not" be liable for any liens or claims based on successor liability.  *Id*.  The Bankruptcy Court also enjoined any person from asserting claims against SMAI on a theory of successor liability.  *Id*.  As previously noted, this Court is permitted to consider these public documents, and a fair reading of the documents forecloses Bean and Archer Western's claims against SMAI.  *Van Duzer*, 582 F. App'x at 283-84 (citation omitted).  Therefore, SMAI should be dismissed.

### III. CONCLUSION

For the foregoing reasons, the Court finds that the Motion to Dismiss or in the Alternative Motion for Summary Judgment [187] filed by Third-Party Defendant Suzuki Motor of America, Inc., should be granted. Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Dismiss or in the Alternative Motion for Summary Judgment [187] filed by Third-Party Defendant Suzuki Motor of America, Inc., is **GRANTED** and the claims asserted against Suzuki Motor of America, Inc., by C.F. Bean LLC, Bean Meridian, LLC, and Archer Western Contractors, LLC, are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 2nd day of February, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE