IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF C.F. BEAN L.L.C., AS OWNER PRO HAC VICE AND OPERATOR, AND BEAN MERIDIAN L.C.C., AS THE RECORD OWNER, OF THE BARGE BEAN 20, OFFICIAL NO. 627225, PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § | CIVIL NO.: 1:13cv77-HSO-RHW |

CONSOLIDATED WITH

| | | |
|---|---|---|
| JERRIE P. BARHANOVICH, EXECUTRIX AND PERSONAL REPRESENTATIVE OF THE ESTATE OF MARK BARHANOVICH, DECEASED | § § § § § § | PLAINTIFF |
| v. | § § | CIVIL NO. 1:13cv84-LG-JMR |
| C.F. BEAN LLC AND ARCHER WESTERN CONTRACTORS, LLC | § § § | DEFENDANTS/ THIRD PARTY PLAINTIFFS |
| v. | § § | |
| BOB'S MACHINE SHOP, INC., SUZUKI MOTOR CORP., SUZUKI MOTOR OF AMERICA, INC. | § § § | THIRD PARTY DEFENDANTS |

**ORDER GRANTING RSM INTERNATIONAL, INC.'S [193] MOTION FOR SUMMARY JUDGMENT**

BEFORE THE COURT is the Motion for Summary Judgment [193] filed by Third Party Defendant RSM International, Inc. ("RSM"). Plaintiff Jerrie P. Barhanovich, executrix and personal representative of the Estate of Mark Barhanovich, deceased ("Plaintiff"), has filed a Response [198] claiming that RSM "is entitled to summary judgment." Third Party Plaintiffs CF Bean LLC, Bean

1

Meridian LLC, and Archer Western, LLC (collectively "Third Party Plaintiffs"), have advised the Court that they do not oppose RSM's Motion [193]. Having considered the Motion [193], the record, and relevant legal authorities, the Court is of the opinion that the Motion [193] should be granted for the reasons set forth below, and the claims against RSM should be dismissed with prejudice.

This consolidated action arises from fatal injuries suffered by Mark Barhanovich on September 16, 2012, when the recreational vessel he was operating in the navigable waters of the Mississippi Sound struck a submerged object causing the vessel's outboard motor to separate from its mounts, flip onto the vessel deck, and strike Mr. Barhanovich. Br. in Supp. of Mot. for Summ. J. 4 [194]. At the time of the accident, "a Bob's Machine Shop 'Flats Jac' hydraulic jack plate was positioned and affixed between the transom of the Barhanovich vessel and the mounting arms of the vessel's . . . outboard motor." *Id*. at 3. RSM identifies itself as the "successor in interest to BMS International, Inc., d/b/a 'Bob's Machine Shop' the actual manufacturer and seller of the jack plate . . . ." *Id*. at 4. The Third Party Plaintiffs have filed a third party complaint advancing claims against RSM based on the jack plate which RSM reads as being "in the nature of maritime products liability, couched in terms of strict liability in tort, or in negligence under the Restatement of Torts 2d, Section 402A, or alternatively under the Mississippi Products Liability Act, § 11-1-63 of the Mississippi Code Annotated." *Id*. at 2.

RSM contends that it is entitled to judgment as a matter of law as to the claims asserted by the Third Party Plaintiffs because there is no evidence "that

2

there was a defect in the jack plate and that such defect caused or contributed to the detachment of the . . . outboard motor body from its mounts . . . ." *Id.* at 5.[1] RSM has submitted the report of Gerald O. Davis, P.E., an expert in the field of mechanical engineering and applied materials. *Id.* at 15. Mr. Davis opines, within a reasonable degree of engineering probability, that there was no defect in the design, materials, or manufacture of the jack plate affixed to the Barhanovich vessel transom and that the findings of the engineers retained by the Third Party Plaintiffs actually support his assessment that the jack plate was not defective. Davis Aff. ¶ 4 [193-1, 2 of 14]; Davis Report 2, 3 [193-1, 6-7 of 14]. RSM contends that because there is no expert evidence or opinion that the jack plate was defective, the third party claims against RSM fail as a matter of law. *Id.* at 18-20 (citing *Sullivan v. Rowan Companies, Inc.*, 952 F.2d 141, 146-49 (5th Cir. 1992) (noting that general maritime law requires expert testimony to support a claim of defective design, materials, manufacturing, or warnings) and *Cothren v. Baxter Healthcare Corp.*, 798 F. Supp. 2d 779, 782 (S.D. Miss. 2011) (stating that "[e]xpert testimony is required" to establish claims under the Mississippi Products Liability Act). No other party to this dispute has presented any competent summary judgment evidence tending to create a material fact question for trial on this point.

      Having examined the evidence and legal authorities offered by RSM in support of its Motion [193], the Court finds that RSM has carried its initial burden under Rule 56. There being no facts, legal argument, or competent summary

---

[1] RSM also "requests an express judicial determination of 'no just reason for delay' in entry of a final judgment, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure." This request has not been opposed by any party.

judgment evidence offered in opposition to RSM's Motion [193] which would create a genuine issue of material fact as to whether the jack plate was defective, the Court is of the opinion that RSM is entitled to judgment as a matter of law as to all claims advanced by the Third Party Plaintiffs. Additionally, after due consideration of the matters raised in RSM's Motion [193], it is the Court's opinion that although this Order adjudicates the rights and liabilities of fewer than all the parties, there is no just reason for delay and a final judgment should be entered in favor of RSM pursuant to Rule 54(b) as to all claims asserted against RSM.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that RSM International Inc.'s Motion for Summary Judgment [193] is **GRANTED** and all claims asserted against RSM International, Inc., are **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that pursuant to Rule 54(b), there is no just reason for delay and a final judgment should be entered in favor of RSM International, Inc., as to all claims asserted against RSM International, Inc.

**SO ORDERED** this the 4th day of March, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE