UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

IN THE MATTER OF C.F. BEAN, LLC,
AS OWNER *PRO HAC VICE* AND
OPERATOR, AND BEAN MERIDIAN LLC
AS THE RECORD OWNER, OF THE
BARGE BEAN 20, OFFICIAL NO.
627225, PRAYING FOR EXONERATION
FROM OR LIMITATION OF LIABILITY

                                                                 CIVIL ACTION NO. 1:13CV77-HSO-RHW

CONSOLIDATED WITH:

JERRIE P. BARHANOVICH                                              PLAINTIFF

VERSUS                                                CIVIL ACTION NO. 1:13CV84-HSO-RHW

C.F. BEAN, LLC and                                                DEFENDANTS
ARCHER WESTERN CONTRACTORS, LLC

## ORDER GRANTING MOTION TO QUASH and DENYING MOTION TO COMPEL

Before the Court are two related motions. On June 12, 2015, the United States Coast Gaurd (USCG), who is not a party to this lawsuit, filed a motion to quash a subpoena duces tecum served on the USCG by C.F. Bean LLC and Bean Meridian LLC (Bean). Doc. [323]. The subpoena at issue directs the Department of Homeland Security to produce an outboard motor that is currently in the custody of the USCG. Bean intends to conduct "non-destructive and minimally-destructive testing" on the motor. On June 29, 2015, Bean filed a motion to compel production of the outboard motor. Doc. [327]. Those motions are now fully briefed.[1]

---

[1] Jerrie Barhanovich also filed a response in opposition to Bean's motion to compel. Doc. [337]. The Court notes that Barhanovich's claims against Bean settled subsequent to briefing on the motion to compel. *See* Minute Entry 9/2/2015.

This consolidated action arises out of the alleged wrongful death of Mark Barhanovich as the result of a boating accident. Plaintiff/Claimant Jerrie P. Barhanovich alleges that Bean's negligence in placing and not properly marking dredging pipes caused the accident. The accident resulted in the death of Mark Barhanovich when the outboard motor on the boat operated by Mr. Barhanovich broke off and struck him. Bean filed a third party complaint against Suzuki Motor Corporation alleging that a manufacturing and/or design defect of the motor caused Mr. Barhanovich's death. Mr. Barhanovich was operating a boat with a Suzuki Model DF-225 when the swivel bracket fractured allowing the outboard motor to separate from the boat, rotating up and into the boat, causing fatal injury to Mr. Barhanovich. The motor has been in the custody and control of the USCG since the accident. The parties conducted visual inspections of the motor on August 15, 2013 and November 20, 2013. Bean seeks production of the outboard motor to conduct testing on a broken swivel bracket to support its theories of third party liability.

As an initial matter, the USCG and Bean disagree on the appropriate standard of review. The USCG argues that the Administrative Procedure Act (APA) applies; therefore, the Court should not disturb the USCG's determination not to produce the outboard motor unless that decision is arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law. *See Hasie v. Office of Comptroller of the Currency*, 633 F.3d 361, 365 (5th Cir. 2011). Bean argues that the Federal Rules of Civil Procedure should apply, in which case the Court should analyze the USCG's objections to the subpoena under Rules 26 and 45. Thus the initial procedural question is which of these two standards applies. *See In re Vioxx Prods. Liability*, 235 F.R.D. 334, 343 (E.D.La. 2006). The question, however, remains unsettled in the courts. "[A] split has developed over whether the APA's arbitrary and capricious standard or Rule 45's

undue burden standard should control motions to quash subpoenas compelling discovery from federal agencies and agents." *See In re Vioxx*, 334 F.3d at 344. It appears that the Fifth Circuit has not definitively ruled on the issue. *See Beckett v. Serpas*, No. 12-910, 2013 WL 796067, at *6-7 (E.D.La. Mar. 4, 2013)(unpublished).

Regardless of the applicable standard of review, the Court finds that the motion to quash should be granted. The USCG objects to production of the outboard motor because it is evidence in an ongoing criminal investigation and because Bean is a potential defendant in that criminal investigation. If the APA applies, then the USCG's decision not to produce the outboard motor is not arbitrary and capricious nor an abuse of discretion. Rather, it is based on the USCG's reasonable desire to preserve the integrity of evidence in an ongoing criminal investigation and to maintain control over that evidence.

If the Federal Rules of Civil Procedure apply, a different set of questions applies. Pursuant to Rule 26(b)(1) the scope of discovery includes any non-privileged matter relevant to a party's claim or defense considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit. Relevant to the issues presented in this case, the USCG must demonstrate that compliance with the subpoena would subject it to an undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv). The USCG argues that it would be an undue burden to allow Bean to conduct destructive testing on the outboard motor because of the risks to the prosecution of any potential criminal matter. The USCG also asserts that the information is subject to a law enforcement privilege.

The Fifth Circuit recognizes the existence of a law enforcement privilege. *See In re United States Dep't of Homeland Security*, 459 F.3d 565, 569-70 (5th Cir. 2006). It is not clear that the privilege applies to tangible objects such as an outboard motor. The Fifth Circuit defines the law enforcement privilege as "a qualified privilege protecting *investigative files* in an ongoing criminal investigation." *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991)(emphasis added). In assessing the privilege's application, the district court must balance the government's interest in confidentiality against the litigant's need for the documents at issue. *In re Homeland Security*, 459 F.3d at 570. In a concurring opinion in *In re Homeland Security*, Judge Dennis suggested that the privilege remains limited to investigative files. *See id* at 572. The *Frankenhauser* test, cited with approval by the Fifth Circuit, also contemplates analysis of the law enforcement privilege being conducted on documents or investigative files rather than tangible objects. *See id.* at 570-71 (citing *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D. Pa. 1973)).

The USCG fails to cite to any authority demonstrating that the privilege should apply to tangible objects such as an outboard motor, where no issue of confidentiality is implicated. The USCG does invoke *Dellwood Farms*, a case out of the Seventh Circuit, where the court examined whether to allow disclosure of recorded witness statements. *See Dellwood Farms v. Cargill, Inc.*, 128 F.3d 1122, 1125 (7th Cir. 1997). However, recorded statements, unlike an outboard motor, lends itself more easily to analysis using the *Frankenhauser* factors because the examining court must determine, for example, whether the recorded statements will reveal confidential information or reveal protected identities. An outboard motor is not the equivalent of a confidential or privileged document such that its disclosure will jeopardize an ongoing criminal investigation by revealing confidential information or identities.

Absent controlling authority, the Court is reluctant to extend the law enforcement privilege to include an outboard motor.  Nevertheless, the Court finds that the motion to quash should be granted for more fundamental reasons.  In essence, Bean is asking this Court "to mediate between their desire to expedite civil litigation and the government's conduct of its criminal investigation." *Dellwood Farms*, 128 F.3d at 1125.  As explained by the Seventh Circuit, "[t]hat is not a proper judicial role." *Id.*  Along similar lines, the Supreme Court has cautioned against outside examination of a prosecutor's motives and decision making, because the decision to prosecute is "ill-suited to judicial review." *Wayte v. United States*, 470 U.S. 598, 607 (1985).  Moreover, the USCG in this case possesses an understandable interest in preserving the integrity of the ongoing criminal investigation and the integrity of the evidence to be used in that investigation.  The Fifth Circuit has stated that "[a]dministrative policy gives priority to the public interest in law enforcement" and the district court should give "substantial weight" to that policy in balancing "the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities." *See Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962).

At this time, the Court declines to compel the USCG to relinquish control of evidence (the outboard motor) that would subject the evidence to alteration or otherwise jeopardize the integrity of the prosecutorial process. *See Campbell*, 307 F.2d at 487-88 (5th Cir. 1962)(holding that stay of discovery in civil case was appropriate where civil litigant faced impending criminal charges); *Larouche Campaign v. Fed'l Bureau of Investigation*, 106 F.R.D. 500, 502 (D.Mass. 1985)(staying discovery of information requested in a parallel civil action that had a direct bearing in an ongoing criminal investigation).  To do so would be an improper insertion of the judiciary into the realm of prosecutorial discretion in conducting its criminal investigation.

Alternatively, it would place an undue burden on the USCG's investigation of the boating accident by possibly jeopardizing the ongoing criminal investigation.  In light of the Court's decision to quash the subpoena, the Court concludes that Bean's motion to compel should be denied.

IT IS THEREFORE ORDERED AND ADJUDGED that the [323] Motion to Quash is GRANTED and that the [327] Motion to Compel is DENIED.  Bean's [338] Motion for Leave to File a Sur-Reply is GRANTED to the extent that the Court reviewed and considered the arguments raised therein when ruling on Bean's motion to compel.

SO ORDERED, this the 10th day of September, 2015.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE