IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

IN THE MATTER OF C.F. BEAN, LLC,
AS OWNER PRO HAC VICE AND
OPERATOR, AND BEAN MERIDIAN,
LLC, AS THE RECORD OWNER, OF
THE BARGE BEAN 20, OFFICIAL NO.
627225, PRAYING FOR EXONERATION
FROM OR LIMITATION OF LIABILITY　　　　　CIVIL NO. 1:13CV77-HSO-RHW

CONSOLIDATED WITH:

JERRIE P. BARHANOVICH, EXECUTRIX
AND PERSONAL REPRESENTATIVE OF
THE ESTATE OF MARK BARHANOVICH,
DECEASED　　　　　　　　　　　　　　　　　　　　　　　　　　PLAINTIFF

V.　　　　　　　　　　　　　　　　　　CIVIL NO. 1:13CV84-HSO-RHW

C.F. BEAN, LLC, BEAN MERIDIAN, LLC, AND
ARCHER WESTERN CONTRACTORS, LLC　　　　　　　　　DEFENDANTS/
　　　　　　　　　　　　　　　　　　　　　　THIRD PARTY PLAINTIFFS

V.

SUZIKI MOTOR CORPORATION,
SUZIKI MOTOR OF AMERICA, INC,
AND RSM INTERNATIONAL, INC,
D/B/A BOB'S MACHINE SHOP　　　　　　　　THIRD PARTY DEFENDANTS

**ORDER OVERRULING DEFENDANT/THIRD-PARTY
PLAINTIFFS C.F. BEAN, LLC, BEAN MERIDIAN, LLC,
AND ARCHER WESTERN CONTRACTORS, LLC'S
MOTION [481] FOR RECONSIDERATION OF MAGISTRATE
JUDGE'S ORDER [479] AND DENYING MOTION FOR LEAVE TO FILE
THIRD SUPPLEMENTAL AND AMENDED THIRD-PARTY COMPLAINT**

BEFORE THE COURT is Defendants/Third Party Plaintiffs C.F. Bean, LLC,

Bean Meridian, LLC, and Archer Western Contractors, LLC's Motion [481] for

Reconsideration of United States Magistrate Judge Robert W. Walker's March 6,

2017, Order [479] denying their Motion [474] for Leave to File Third Supplemental and Amended Third-Party Complaint. This matter is fully briefed. For the reasons that follow, the Court finds that Defendants/Third Party Plaintiffs' Motion [481] for Reconsideration should be overruled, and their Motion [474] for Leave to File Third Supplemental and Amended Third-Party Complaint should be denied.

## I. RELEVANT BACKGROUND

On February 7, 2017, Defendants/Third Party Plaintiffs C.F. Bean, LLC, Bean Meridian, LLC, and Archer Western Contractors, LLC (collectively "Bean"), filed a Motion [474] for Leave to File Third Supplemental and Amended Third-Party Complaint "to assert diversity jurisdiction and seek a trial by jury." Mot. to Am. [474] at 3. Third-Party Defendant Suzuki Motor Corporation ("Suzuki"), the only remaining Third-Party Defendant, filed a Response in Opposition [476] on February 15, 2017. Bean's Reply [478] was filed February 20, 2017.

On March 6, 2017, the Magistrate Judge issued an Order [479] denying Bean's Motion [474] for Leave to Amend. Order [474] at 8. In denying the Motion, the Magistrate Judge found that the Motion was untimely, exceeded "the Fifth Circuit's mandate," and was contrary to the November 19, 2015, Pre-Trial Order. Order [479] at 1-8. The Magistrate Judge further found that "Bean has failed to demonstrate any cause, let alone good cause, for the inordinate delay in seeking to amend." *Id.* at 7.

On April 3, 2017, Bean filed a Motion [481] for Reconsideration asking the Court to reconsider and allow Bean to amend its Third-Party Complaint "based upon an error of law or to prevent manifest injustice, and arguably, that there was an intervening change in the law," citing to *Operaciones Tecnicas Marinas S.A.S. v. Diversified Marine Servs, LLC*, No. 12-1979, 2016 WL 7229288 (E.D. La. Dec. 14, 2016). Mot. [481] at 1-2; Mem. in Supp. [483] at 4-7. Bean seeks reconsideration under either Federal Rule of Civil Procedure 59(e), which provides that a party may seek to "alter or amend" a judgment within 28 days of its entry, or under Rule 60(b), which allows a party to seek "relief from judgment" no more than one year after its entry.

Suzuki's Response [490] in Opposition contends that Bean's Motion is "improper and untimely" and should be denied. Resp. in Opp'n [490] at 1-2. Alternatively, Suzuki argues that Bean's Motion fails to demonstrate any intervening change in the law or that the Magistrate Judge's Order is clearly erroneous or contrary to law. *Id.*

## II. DISCUSSION

A. Standard of Review

Rule 72(a) provides that objections to a Magistrate Judge's order on nondispositive matters must be filed within 14 days. FED. R. CIV. P. 72(a). In reviewing a magistrate judge's pretrial order, a district court may set aside a "non-dispositive order" if it is clearly erroneous or is contrary to law. *Moore v. Ford*

3

*Motor Co.*, 755 F. 3d 802, 806 (5th Cir. 2014) (citing FED. R. CIV. P. 72(a); 28 USC § 636(b)(1)(A)). The Magistrate Judge's Order was entered on March 6, 2017, while Bean's Motion was not filed until 28 days later on April 3, 2017, which would render it untimely under Rule 72(a).

However, even if a party fails to file objections to an interlocutory order issued by either a magistrate judge or a district court judge, the district court judge has the authority under 28 U.S.C. § 636 to review the order because

> [t]he district judge has jurisdiction over the case at all times. He retains full authority to decide whether to refer a case to the magistrate, to review the magistrate's report, and to enter judgment.

*Thomas v. Arn*, 474 U.S. 140, 447-48 (1985).

Under Federal Rule of Civil Procedure 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting Fed. R. Civ. P. 54(b)) (quotation omitted); *see also Stoffels ex rel. SBC Telephone Concession Plan v. SBC Communications, Inc.*, 677 F.3d 720, 727-28 (5th Cir. 2012).

"Rule 59(e) governs motions to alter or amend a final judgment," *Austin*, 864 F.3d at 336, and "[b]y its own terms, Rule 60(b) is limited to relief from a 'final' judgment or order," *McKay v. Novartis Pharm. Corp*, 751 F.3d 694, 701 (5th Cir. 2014) (quoting *Zimzores v. Veterans Admin.*, 778 F.2d 264, 266 (5th Cir. 1985)).

4

B.  This Court will review Bean's Motion for Reconsideration under Rule 54(b).

Although Bean Motion seeks reconsideration of the Magistrate's Order under either Rule 59(e) or 60(b), review of an interlocutory order is not proscribed by either of these Rules.[1]  Mem. for Recons. [483] at 3.  Without deciding whether the Rules provide for a magistrate judge to reconsider a nondispositive order before a party seeks review by a district court judge under Rule 72(a), it is clear that a district court judge may withdraw its referral of an issue to a magistrate judge at any time.  *Thomas*, 474 U.S. at 447-48.  Based upon the current posture of this litigation and in the interests of judicial economy, the Court is of the view it would be more efficient to treat Bean's Motion [481] for Reconsideration as one for the district court under Rule 54(b).

C.  Analysis

Bean seeks reconsideration of the Magistrate Judge's Order to rectify "an error of law or to prevent manifest injustice" further asserting that there has been an "intervening change in the law."  Mot. for Recons. [481] at 1-2.  After

---

[1] Bean alleges that its Motion for Reconsideration may be entertained by the Magistrate Judge citing as authority an interim discovery order of the district court in *Green v. Life Ins. of N. Am.*, No. 1:11cv228, 2012 WL 12863147, at *1 (S.D. Miss. Dec. 5, 2012).  Mem. for Recons. [483] at 3 n.4 (citing also to *Green v. Life Ins. of N. Am.,* 754 F.3d 324 (5th Cir. 2014) (affirming modification of interim discovery order, and affirming grant of summary judgment to defendant and denial of summary judgment to plaintiffs)).  After review of the record in *Green,* it appears that neither party in that case raised the issue of whether the Rules permit a magistrate judge to reconsider a nondispositive order.  Additionally, the referral of the motion for reconsideration to the magistrate judge was never withdrawn.

conducting a through de novo review of Bean's Motion [474] for Leave to file Third Supplemental and Amended Third-Party Complaint, the related pleadings, relevant legal authority, and the record as a whole, the Court finds that the Magistrate Judge's Order should be affirmed.

Bean has not addressed, however, the Magistrate Judge's finding that Bean failed to demonstrate good cause for its delay in seeking to amend its Third-Party Complaint. Instead Bean argues that it has not acted in "bad faith." Mem. in Supp. [483] at 8. But Bean has failed to proffer any reason, let alone a good reason, for failing to timely request a jury trial in this case. What Bean now argues is that it should be allowed to exceed the mandate of the Fifth Circuit and amend its pleadings based upon its decision to change its litigation strategy and demand a trial by jury. *Id.* at 9.

Bean has not met its burden to rebut the findings of fact or conclusions of law contained in the Magistrate Judge's succinct, well-reasoned opinion. Under Rule 38(b) an amended complaint that does not plead any new issues of fact or raise new issues of law "will not give rise to a right to demand for a jury trial" because an "amendment must introduce a new issue and not merely add a new theory of recovery." *Daniel Int'l Corp. v. Fishbach & Moore, Inc.*, 916 F.2d 1061, 1063-64 (5th Cir. 1990). Even if Bean were allowed to amend its Third-Party Complaint to assert diversity jurisdiction, such amendment would not support an untimely right to demand a jury trial under Rule 38(b) because the proposed amendment does not

6

assert new issues of fact or law and therefore would not restart Rule 38(b)'s 14-day deadline for demanding a jury trial. *Id.*

Nor has there been an intervening change in the law. *Operaciones Tecnicas Marinas S.A.S.*, upon which Bean relies, was decided by the United States District Court for the Eastern District of Louisiana on December 14, 2016, before Bean filed its Motion [474] for Leave to Amend on February 7, 2017, and well before the Magistrate Judge entered his Order on March 6, 2017. Further, Bean's reliance on *Operaciones Tecnicas Marinas S.A.S.* to support its bid to amend its Third-Party Complaint to assert diversity jurisdiction and demand a jury trial is misplaced. After *Operaciones Tecnicas Marinas S.A.S.* was remanded to the district court, it granted plaintiff leave to amend to raise a jury demand because the plaintiff had timely filed its technically deficient motion "pursuant to the Court's scheduling order," and its renewed motion corrected the deficiency. *Operaciones Tecnicas Marinas S.A.S.,* 2016 WL 7229288 at *1. In the present case, it is undisputed that Bean did not timely move to amend to assert a jury demand.

This Court also concurs with the Magistrate Judge's opinion that Bean should not be granted leave to amend under Rule 39(b)'s grant of discretionary authority. "It is not an abuse of discretion by a District Judge to deny a Rule 39(b) motion . . . when the failure to make a timely jury demand results from mere inadvertence on the part of the moving party." *Farias v. Bexar Cty. Bd. of Trs. for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 873 (5th Cir. 1991)

(quoting *Bush v. Allstate Ins. Co.*, 425 F.2d 393, 396 (5th Cir. 1970)); *see also BPRE, LP v. RML Waxahachie Dodge, LLC (In re BPRE, LP)*, 599 F. App'x 182, 183 (5th Cir. 2015) (recognizing that "it is not an abuse of discretion to deny an untimely motion for a jury trial when the failure to make a timely jury demand results from mere inadvertence on the part of the moving party") (quotation omitted)). Because Bean has "failed to demonstrate any cause, let alone good cause, for the inordinate delay in seeking to amend," Order [479] at 7, the only explanation for the delay can be inadvertence on the part of Bean.

After conducting a de novo review of the parties' arguments and the record as a whole, along with relevant legal authority and the Magistrate Judge's succinct, well-reasoned opinion, the Court concurs with the Magistrate Judge's findings. Bean's Motion [481] for Reconsideration will be overruled and its Motion [474] for Leave to File Third Supplemental and Amended Third-Party Complaint will be denied.

### III. CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Magistrate Judge's Order [479] Denying Leave to Amend entered in this case on March 6, 2017, is adopted as the finding of this Court, as supplemented herein.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendants/Third-Party Plaintiffs C.F. Bean, LLC, Bean Meridian, LLC, and Archer Western Contractors, LLC's Motion [481] for Reconsideration is **OVERRULED** and their Motion [474] for Leave to File Third Supplemental and Amended Third-Party Complaint is **DENIED.**

**SO ORDERED AND ADJUDGED**, this the 3rd day of October, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE